# GLENN A. GARBER, P.C.

ATTORNEYs AT LAW

GlENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
www.glenngarber.com

July 22, 2015

Honorable Lewis A. Kaplan
District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   *United States* **v.** *Vladamir Tsastsin (Timur Gerassimenko)*
**Docket No. 11 Cr. 878-003 (LAK)**

Dear Judge Kaplan:

I write in reply to the government's sentencing submissions of July 20, 2015 and July 21, 2015.

As Mr. Gerassimenko contends in his initial submission, a variance below the Guidelines is appropriate in light of, among other things that he was prosecuted twice for essentially the same offense; and relatedly that he served harsh time in Estonia while being prosecuted on the Estonian version of the case and while awaiting extradition to New York. In addition, he will be returned to jail in Estonia after he completes his U.S. sentence to serve even more time for what is basically the same offense.

While the government maintains that the Estonian and U.S. prosecutions involve technically different crimes it states that the cases were charged differently "in part… to avoid double jeopardy under Estonian law." Consequently, it was a function of a deliberate charging decision that enabled a U.S. prosecution for what could have been the same offense as the Estonian offense. For sentencing, the issue should not be whether Mr. Gerassimenko *could be* legally prosecuted twice. Rather, the consideration should be that he faced the stress and trauma of two prosecutions for essentially the same crime and was punished twice for it. Given this circumstance, he contends that the Court should view the two cases in a combined holistic way for punishment purposes, and as a result there should be a significant variance below the Guidelines to time served.1

The fact that Mr. Gerassimenko endured harsh confinement far beyond what would be expected or tolerated in the U.S. is also particularly relevant. In its submission, the government suggests that the photographs that Mr. Gerassimenko provided may not depict his real prison conditions because the Tallinn Prison website contains other photographs of "renovated parts" of the facility. *See Ex. C with Gerassimenko's 7/13/15 submission*. However, the photographs submitted by Mr. Gerassimneko accurately reflect the areas where he was housed which were cells 328 and 324.2 Moreover, there is no dispute that serious human rights violations have been found at Tallinn Prison for substandard conditions, which are obvious from the relevant photographs provided with Mr. Gerassimenko's initial submission.

---

1 Notably, Valeri Aleksejev, whose sentence has been used as a reference by the parties, did not face this onerous circumstance.
2 There are three photographs in the gallery posted on the website that the government is apparently referring to. See http://www.delfi.ee/news/paevauudised/eesti/delfi-fotod-reportaaz-kohast-kuhu-keegi-meist-sattuda-ei-taha?id=67442928. These "renovated" areas are family visiting rooms accessible on a limited basis to sentenced prisoners only. As a pre-trial detainee and a prisoner awaiting extradition, Mr. Gerssimenko was never permitted to go to these areas.

# GLENN A. GARBER, P.C.

ATTORNEYs AT LAW

GlENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
www.glenngarber.com

      Finally, Mr. Gerassimenko may very well serve more than 50 percent of time in Estonia, either after a transfer (should additional U.S. time be imposed) or after he serves his U.S. sentence.[3] Under Estonian law, as confirmed by Mr. Gerrasimenko's attorney in Estonia, inmates are eligible for home arrest (electronic bracelet) after 50 percent of their time is served, and they are eligible for parole after two thirds of their time is served. But, unlike the virtual guarantee of a 15 percent discount in the U.S. system, it is uncertain in Estonia that Mr. Gerassimenko will actually receive all or part of the potential time reductions.

      It is also noteworthy that Mr. Gerassimenko will not be eligible for a U.S. halfway house due to his impending deportation. Consequently, this Court should factor in this added burden for Mr. Gerassimenko that other inmates with the same sentences in the U.S. would not face.

      Thank you for your consideration.

Respectfully submitted,

/s/

Glenn A. Garber


Cc:    AUSA Sarah Lai (by ECF)

---

[3] In its July 20th letter the government is mistaken about the jail time that Mr. Gerassimenko's served and owes in Estonia. However, the errors are corrected in the government's July 21st letter which contains computations similar to those in Mr. Gerassimenko's sentencing submission.